UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR MARLOWE, A.K.A. ARTHUR MC ELROY, an individual,

      Plaintiff,

vs.                                            Case No. 1:24-cv
                                                    Hon.:

ALEXIS SYSWERDA, an individual,

BRIAN HINTZ, an individual

And

DAVID PASEKA, an individual

      Defendants.

| William F. Piper (P38636) <br> William F. Piper, P.L.C. <br> ***Attorney for Plaintiff*** <br> 9848 Portage Road <br> Portage, MI 49002 <br> Phone: 269.321.5008 <br> Fax: 269.321.5009 <br> Email: wpiper@wpiperlaw.com | |

## **COMPLAINT**

The plaintiff Arthur Marlowe, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

1.      The plaintiff Arthur Marlowe is an African American man who resided at 1992 Wood Street in the City and County of Muskegon, State of Michigan, at all times relevant to this complaint.

2. The defendants were all deputies of the Muskegon County Sheriff's Department al all times relevant to this complaint.

3. This lawsuit arises out of in incident that occurred on August 10, 2023, in the late afternoon or early evening, in which the defendants arrested the plaintiff, handcuffed and searched him, and searched and impounded his vehicle, without a warrant and without any probable cause to do so.

4. The defendants were acting during their arrest of Mr. Marlowe under color of state law but not under a legitimate exercise of governmental authority.

5. This lawsuit arises in part under 42 USC § 1983.

6. This lawsuit arises in part under this court's supplemental jurisdiction to hear and decide state law claims arising under the same transactions and occurrences as the federal law claims.

7. Jurisdiction arises under 28 USC § 1331 and 28 USC § 1337.

## **COMMON ALLEGATIONS**

8. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 7 of this complaint.

9. The defendants Hintz and Syswerda claimed to have seen two vehicles traveling west bound on Sherman Boulevard in Muskegon County at a high rate of speed.

10. The defendants Hintz and Syswerda claimed that one of the vehicles was a black Cadillac sedan.

11. By the time the defendants turned their police cruiser around, there was no identifiable black Cadillac on the road ahead of them.

12. The defendants Hintz and Syswerda nonetheless started driving recklessly, at a high rate of speed, endangering other drivers, to attempt to catch up to the black Cadillac they thought might be ahead of them.

13. Because the defendants Hintz and Syswerda had lost sight of the black Cadillac sedan right away, the defendants were not in hot pursuit of the black sedan.

14. Meanwhile, the plaintiff Arthur Marlowe had just returned from Auto Zone in a futile attempt to find a fuel filter for his two door black Cadillac.

15. He parked his car in the garage, and was about to pop the hood of it.

16. Mr. Marlowe planned to do some work on his two door black Cadillac.

17. The defendants Hintz and Syswerda, still traveling at a high rate of speed down Wood Street, sped past Mr. Marlowe's residence, stopped quickly, backed up, and then pulled into Mr. Marlowe's driveway.

18. Both Mr. Marlowe and his live-in-girlfriend were confused about what was happening.

19. The male deputy Hintz handcuffed Mr. Marlowe very tightly, searched his body, including the pockets of his pants, and withdrew the contents of Mr. Marlowe's pants, including his car keys.

20. The male deputy Hintz then threw Mr. Marlowe's keys onto the driveway, breaking the key fob.

21. The deputy then placed Mr. Marlowe in the back of his police cruiser.

22. The deputy then questioned Mr. Marlowe about his activities, and Mr. Marlowe told him that he had gone to Auto Zone to get a fuel filter, and he had just returned.

23. Mr. Marlowe also told the deputies that they had the wrong man and the wrong car and directed them to watch the video.

24. The deputies did not watch the video.

25. The deputies searched Mr. Marlowe's vehicle, including the trunk of it, finding nothing.

26. Mr. Marlowe, who was still handcuffed, meanwhile, was experiencing great pain in his wrists.

27. Seeing that Mr. Marlowe was in pain, his live-in-girlfriend told the deputies to take the handcuffs off Mr. Marlowe, as he had prior injuries.

28. The female deputy then handcuffed Mr. Marlowe in front of him, but did not release the handcuffs from him.

29. The three deputies pulled Mr. Marlowe's car out of the garage and had it impounded.

30. The defendants then took Mr. Marlowe to the jail, lodging him there overnight in a dirty cell.

31. Despite that Mr. Marlowe had indentation marks on his wrists, which were severely swollen from the handcuffs, he received no medical care at the jail.

32. Mr. Marlowe was not released from the jail until about 24 hours after he was arrested, and he had to pay $15.00 for his stay in the jail and $600.00 to retrieve his car.

33. More than two weeks later Mr. Marlowe still had indentation marks and swelling in his wrists, and he believes he has nerve damage.

34. The defendants requested charges against Mr. Marlowe of a fleeing and eluding and reckless driving, but the charges were dismissed, because there was no basis for the charges.

35. As a result of the incidents set forth above, Mr. Marlowe has suffered and will continue to suffer physical injuries, pain, emotional distress, humiliation, a loss of enjoyment of life, and other damages.

**COUNT I – 42 USC § 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS**

36. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 35 of this complaint.

37. The defendants arrested Mr. Marlowe, handcuffed him, placed him in a police cruiser, searched him, searched his car including the trunk of it, handcuffed him too tightly causing injuries to his wrists, which constituted excessive force; damaged his property and impounded his car, all without a warrant and without probable cause to do so, and without any exception to the warrant requirement.

38. The defendants did not engage in a hot pursuit of Mr. Marlowe, as he was not the driver of whatever vehicle they said they had seen, and the defendants right away lost sight of whatever vehicle they claimed to have seen.

39. The defendants could not reasonably have believed that they were acting within the constitutional limitations on the exercise of their authority under the Fourth and Fourteenth Amendments to the constitution of the United States.

40. The defendants requested a felony fleeing and eluding charge and a misdemeanor charge of reckless driving against Mr. Marlowe, even though they did not have

probable cause to do so, so they engaged in a prosecution without probable cause, also known as malicious prosecution.

41. As a result of the unconstitutional violations set forth above the plaintiff Mr. Marlowe has suffered and will continue to suffer the damages set forth above.

42. These claims are actionable under 42 USC § 1983.

**WHEREFORE** the plaintiff requests a judgment against the individual defendants for whatever amount is sufficient to compensate him for his injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 U.S.C. § 1988, and any other relief this court deems fair and just.

## COUNT II – STATE LAW VIOLATIONS

43. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 42 of this complaint.

44. The conduct of the defendants set forth herein constitutes a false arrest, an assault and battery, a statutory conversion under MCL 600.2919 a, common law conversion, and a false imprisonment.

45. As a result of the actions set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE** the plaintiff requests a judgment against the individual defendants for whatever amount is sufficient to compensate him for him injuries and damages past and future plus treble damages for conversion, all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

Dated: August 30, 2024	WILLIAM F. PIPER, PLC.
	Attorney for Plaintiff

	By:	/s/ William F. Piper
		William F. Piper (P38636)
	BUSINESS ADDRESS:
		9848 Portage Road
		Portage, Michigan 49002
		Phone: 269.321.5008
		Fax: 269.321.5009